UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP CLAIRMONT,<br><br>Defendant. | 3:24-CR-30014-RAL<br><br>OPINION AND ORDER ON MOTIONS IN LIMINE |

## I. Background

A grand jury indicted Defendant Phillip Clairmont on one count of robbery. Doc. 1. Clairmont pleaded not guilty to the charged offense and has exercised his right to a jury trial. On June 17, 2024, this Court held a pretrial conference and motion hearing, where it heard argument and ruled on the motions in limine that were pending at that time. Docs. 26, 30, 32, 41. This Court now formalizes its rulings with this Opinion and Order.

## II. Legal Standard

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine

1

necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

### III. Discussion

This Court addresses the parties' motions in limine in the order in which they were filed.

**A. United States' Second Motion in Limine**

The United States's first motion in limine, Doc. 26, has seven subparts and seeks (1) to exclude references to penalty and punishment, (2) to exclude any reference to the charge as a felony and to exclude any mention of adverse collateral consequences that may stem from a felony charge or conviction, (3) to exclude opining on the guilt or innocence of the Defendant, (4) to exclude hearsay statements of the Defendant offered by the Defendant, (5) to sequester witnesses from the courtroom, (6) to prohibit any mention of evidence regarding the alleged victim's credibility, and (7) to exclude any specific instances of conduct of the United States' witnesses to prove character.

#### 1. Reference to Penalty or Punishment

Under subpart one, the United States moves to preclude Defendant, his attorney, and any witness from referring to the possible penalty or punishment Defendant will face if convicted of the crime charged. The United States argues that permitting the jury to hear information about

what penalty or punishment Defendant faces would be improper and would only confuse the jury. This Court agrees.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See id. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993) ("[F]ederal criminal juries are almost never instructed concerning the consequences of verdicts.").

Accordingly, this Court grants the United States's first motion in limine as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Defendant could receive if convicted. This does not, however, preclude Defendant from referring to the charge as a "serious" or "felony" offense.

### 2. Reference to Adverse Effects of a Felony Conviction

For similar reasons, the United States seeks to prohibit any reference to or mention of Defendant's charge being a felony offense or that a conviction for such an offense can have adverse collateral effects on Defendant's future, such as career plans, educational opportunities, and the loss of certain constitutional rights. As addressed above, "[i]nformation regarding the consequences of a verdict is . . . irrelevant to the jury's task." Shannon, 512 U.S. at 579. A jury's task is to hear evidence, find facts, and determine guilt based on those facts. Id. The collateral

3

consequences stemming from a felony charge or conviction are irrelevant to Defendant's guilt and have no role in the jury's decision-making process; given that consideration of adverse effects of a conviction has no function in the jury's task, any probative value of hearing about collateral consequences of a conviction is substantially outweighed by the risk of confusing the issues and misleading the jury. See id.; Fed. R. Evid. 403. Therefore, this Court grants the United States' first motion in limine as to subpart two to exclude any reference to how adverse collateral effects a felony conviction may impact Defendant's future, but this Court will allow Defendant to refer to the charge as a "serious" or "felony" offense.

### 3. Opining on Guilt or Innocence

Under subpart three, the United States requests an order barring Defendant, his attorney, and any witnesses from expressing their opinion about the guilt or innocence of Defendant. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, neither Defendant, the attorneys, nor any witnesses may opine on the guilt or innocence of Defendant. This, of course, does not preclude Defendant or his attorney from arguing whether the evidence presented at trial does or does not establish guilt beyond a reasonable doubt, nor does it preclude Defendant from testifying or arguing that he is actually innocent of the offenses charged.

### 4. Hearsay Statements of Defendant Offered by Defendant

In subpart four, the United States seeks to prevent Defendant from admitting into evidence self-serving out-of-court statements that he may have made to police officers, friends, relatives, or anyone else. The United States argues that such self-serving statements are hearsay and inadmissible under Rule 801 of the Federal Rules of Evidence. Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 801(c)–(d); see United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that defendant could not admit his own out-of-court statements to FBI agent because they were inadmissible hearsay); United States v. White Horse, 177 F. Supp. 2d 973, 977 (D.S.D. 2001) (reasoning that defendant's statements to a doctor were inadmissible hearsay because they were offered by the defendant and were not offered under the exception for statements made for the purpose of diagnosis or treatment). Accordingly, any out-of-court statement made and offered by Defendant to prove the truth of the matter asserted is inadmissible unless Defendant can show that the statement is admissible under an exception to the rule against hearsay. Defendant's out-of-court statements that are admissions against material interest are admissible, Fed. R. Evid. 801(d)(2), and Defendant may seek to introduce under the rule of completeness Defendant's other statements that accompanied the admissions against interest. Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."). But see United States v. Roberts, 86 F.4th 1183, 1188 (8th Cir. 2023) ("Rule 106 'does not empower a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay

does not come within a defined hearsay exception.'" (quoting United States v. Ramos-Caraballo, 375 F.3d 797, 803 (8th Cir. 2004))).

### 5. Sequestration of Witnesses

Subpart five of the United States's first motion in limine requests an order sequestering all witnesses, except for one investigator or case agent for both the United States and Defendant. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877. Generally, a "district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion." Id. (cleaned up and citation omitted). Therefore, all witnesses—whether for the United States or Defendant—will be sequestered, except for Special Agent Jay Romero and defense investigator John Duffy.

### 6. Credibility and Believability of the Victim

The United States moves to bar any question, comment, reference, or evidence relating to the credibility or believability of the alleged victim's allegations as set forth in the Indictment. For support, the United States cites to United States v. Azure, 801 F.2d 336, 341 (8th Cir. 1986) (reversing trial court's admission of expert testimony opining on the believability of a child sexual assault victim's testimony). The credibility of witnesses is the jury's domain. Azure, 801 F.2d at 340 (stating "the jury is the lie detector in the courtroom" (quoting United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973))). But a witness's credibility is often an important aspect of criminal

trials. 4 Weinstein's Federal Evidence § 608.02 (LEXIS 2024). Therefore, the Federal Rules of Evidence permit the parties to impeach a witness's character for truthfulness. See Fed. R. Evid. 608. Under Rule 608(a), "[a] witness's credibility" for truthfulness may be attached by testimony about a witness's character for untruthfulness, either by testimony in the form of an opinion or as to the witness's reputation.

However, as Azure illustrates, such testimony is admissible only if its scope is limited to a witness's character for truthfulness. Azure, 801 F.2d at 341 (discussing Fed. R. Evid. 608(a)). Evidence "address[ing] the specific believability [or] truthfulness of [a witness's] story" is inadmissible. Id. (concluding that a pediatrician's "opinion as to the truth of the story of a victim of child sexual abuse" was inadmissible for exceeding the scope of "character for truthfulness"); see United States v. Nazarenus, 983 F.2d 1480, 1486 (8th Cir. 1993) (stating evidence not pertaining to a witness's "character for truthfulness" was "plainly inadmissible"). Additionally, the admission of testimony attacking a witness's character for truthfulness remains subject to Fed. R. Evid. 403. Thus, evidence that encourages jurors to surrender their duty to weigh evidence and judge credibility or that increases the risk of mini trials on collateral issues will not be admitted. See Fed. R. Evid. 403 (allowing courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, . . . [or] wasting time").

Therefore, subpart six of the United States's first motion in limine, Doc. 26, is granted to the extent that testimony addressing the credibility or believability of the victim's allegations as set forth in the Indictment will not be admitted, but testimony of the victim's character for untruthfulness may be admissible if it complies with Federal Rule of Evidence 608 and Rule 403 balancing.

### 7. Specific Instances of Conduct to Prove Character

Next, under subpart seven, the United States seeks an order precluding the admission of specific instances of conduct by the government's witnesses to prove character. More specifically, at the pretrial, the Untied States clarified that they seek to exclude any testimony regarding the alleged victim being a racist, drunk, and belligerent. Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). But specific instances of conduct are not admissible as extrinsic evidence to attack a witness's character for truthfulness unless those specific instances are a prior criminal conviction. Fed. R. Evid. 608(b) (excluding extrinsic evidence other than prior convictions but allowing inquiry into specific instances of conduct on cross examination); Fed. R. Evid. 609 (impeachment by prior conviction).

During Defendant's recorded statement to law enforcement, he made various statements about hearing that the victim is mean and rowdy when drunk and that the victim is a racist. Nearly all those statements, save the one at 00:33:28, which provides context for the next question and answer, are inadmissible. Indeed, admission of the one statement by Defendant at 00:33:28 renders much of the rest of the comments to be cumulative anyway.

Therefore, this Court grants subpart seven to the extent that extrinsic evidence of specific instances of conduct will not be admitted to prove character, unless, of course, it is offered to prove a character trait that is an essential element to a charge, claim, or defense, or the specific conduct is a prior criminal conviction offered to impeach a witness's character for truthfulness. See Fed.

R. Evid. 405(b), 608(b), 609. This Court will advise counsel on the record about what portions of Exhibit 9, Defendant's recorded statement, are and are not admissible.

### B. Defendant's Motion in Limine

Defendant's first motion in limine, Doc. 30, seeks to exclude from evidence (1) Defendant's prior convictions or arrests, (2) other bad acts, (3) defendant's invocation of his right to remain silent, (4) drug use, and (5) evidence of personal, business, and community impact of the charged offense. This Court addresses each subpart in turn.

#### 1. Prior Convictions and Arrests:

Under subpart one, Defendant moves to preclude any comment or reference, direct or indirect, to his prior juvenile adjudication for third-degree burglary and aiding-and-abetting from November 2012. The Defendant completed an 18-month term of probation, which terminated on May 20, 2014. Generally, under Rule 609(a), a defendant's prior conviction may be used to attack their character for truthfulness, should they choose to testify, if the crime of conviction was a felony offense and "the probative value of admitting this evidence outweighs its prejudicial effect" to the defendant. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008); see United States v. Stoltz, 683 F.3d 934, 938–39 (8th Cir. 2012) (discussing how Rule 609(a) applies to witnesses generally, not a defendant who testifies). And "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime require proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2); United States v. Smart, 60 F.4th 1084, 1092 (8th Cir. 2023). "Evidence of a conviction requiring proof or admission of an act of dishonesty or false statement is automatically admissible and not subject to Rule 403 balancing." Collier, 527 F.3d at 700.

9

Here, however, Defendant seeks to exclude a prior juvenile adjudication. Evidence of a juvenile adjudication is admissible to impeach a witness only if:

(1) it is offered in a criminal case,
(2) the adjudication was of a witness other than the defendant,
(3) an adult's conviction for that offense would be admissible to attack the adult's credibility, and
(4) admitting the evidence is necessary to fairly determine guilt or innocence.

Rule 609(d)(1)–(4). Because the prior adjudication is not of a witness other than the Defendant, the prior adjudication for third-degree burglary and aiding-and-abetting is not admissible to impeach Defendant's credibility should he choose to testify. Therefore, subpart one of Defendant's first motion in limine is granted. This ruling, however, does not exclude either party from referring to Defendant being prohibited from entering Kary's convenience.

### 2. Evidence of Other Bad Acts

Under subpart two, Defendant moves to exclude any evidence or allegations of any other prior bad acts. The United States has not yet provided notice of its intent to present evidence of other crimes, wrongs, or bad acts. As Rule 404(b)(1) states, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Yet, evidence of prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005) (citation omitted).

The United States had no objection and indicated its intention not to offer evidence of Defendant's prior crimes, wrongs, or bad acts. The only exception to this would be Defendant's admitted use of alcohol and methamphetamine on the day of and before the alleged robbery. Therefore, subpart two of Defendant's motion in limine, Doc. 30 is granted.

### 3. Invocation of Right to Remain Silent

Defendant seeks to prohibit the United States from referencing or commenting on the invocation of his right to counsel post-Miranda warnings. Under Miranda, a person subject to custodial interrogation must "be advised immediately that he has the right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation." Doyle v. Ohio, 426 U.S. 610, 617 (1976). The Miranda warnings implicitly assure every recipient that exercising such rights will not be used against them at trial. Id. at 618–19. "[I]t would be fundamentally unfair and a deprivation of due process to allow" a defendant's credibility to be impeached because they exercised a constitutionally protected right. See id. at 618. The United States does not object to this subpart of Defendant's first motion in limine. Thus, the United States shall not make any reference to or comment on Defendant invoking his right to counsel.

### 4. Testimony Regarding Drug Use

Defendant moves to prevent the United States from introducing evidence or testimony regarding Defendant's drug use. Here the Defendant's request can be broken into three parts: (1) evidence of Defendant's drug use before January 13, 2024, (2) Defendant's interview statements about using drug and alcohol on January 13, 2024, leading up to the charged offense, and (3) evidence of a baggie found on Defendant's person shortly after the charged offense containing residue that field tested presumptively positive for methamphetamine. Defendant argues that

allowing such evidence would be irrelevant, unfairly prejudicial, and improper character evidence. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 (allowing exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice"); Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

Subpart four of Defendant's motion in limine is granted in part and denied in part. Evidence of defendant's drug use before January 13, 2024, shall not be admissible. Any relevance that such evidence may have is substantially outweighed by the risk of unfair prejudice. Defendant's statements from the police interview regarding his drug and alcohol use on January 13, 2024, leading up the alleged offense is admissible as Res Gestae. The United States does not intend to offer into evidence the plastic bag with methamphetamine residue, so evidence of the plastic baggie seized will not be evidence at trial unless somehow that becomes relevant during trial, which this Court does not perceive to be likely.

### 5. Business, Personal, and Community Impacts

In subpart five, this Court moves to prohibit any testimony regarding any personal, business, and community impact that the charged offense may have caused. Defendant argues that such evidence is not relevant to the elements of the crime charged and would be unfairly prejudicial. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 (allowing exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice"). The United States argues that the alleged victim chose to close the convenience as a result of the charged offense and that decision is relevant. This Court agrees for the reasons explained on the record at the pretrial conference and motion hearing. The parties

have two divergent accounts of what occurred between Defendant and the alleged victim, Joseph Kary. That Mr. Kary chose to close a long-operating store following the confrontation tends to make his account of what occurred more probable. The store's closure within such close temporal proximity to the charged offense thus is relevant. See Fed. R. Evid. 401 (Relevant evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without [said] evidence.").

### C. United States's Second Motion in Limine

The United States filed a second motion in limine, Doc. 32, to exclude certain evidence regarding the employment history of three potential government witnesses: Jay Romero, Oliver Semans, and Tyanna Oliver. The United States argues that such evidence is inadmissible under Federal Rules of Evidence 404(b), 608, 609, and 403. Defendant does not oppose the motion. Thus, the United States' second motion in limine, Doc. 32, is granted as the possible impeachment material is completely irrelevant to any issue being tried in this case.

### D. Defendant's Additional Motions in Limine

Defendant filed a supplement to his motion in limine, Doc. 41, seeking to redact portions of the audio recording from Defendant's January 19, 2024 custodial interview with law enforcement. The portions of audio Defendant seeks to redact relate to personal identifying information, methamphetamine use, and his prior juvenile adjudication for burglary. This Court now has reviewed the transcript of the recorded statement and has provided its rulings on the record.

Finally, Defendant filed another motion in limine, Doc. 46, seeking to exclude a statement he made at the time of his arrest to Officer Dusty Old Lodge because of the late disclosure of the statement and the absence of a Miranda warning. The statement duplicates part of what Defendant

said in a recording and is cumulative. This Court thus grants the late-filed motion in limine, Doc. 46, although Defendant may be cross-examined if he testifies about making such a statement. The statement of Defendant to the effect that he was drunk and high when the alleged offense occurred did not result from a custodial interrogation but was volunteered. The disclosure of the statement by the United States, however, was tardy and without any explanation of what justified the delay. Given the cumulative nature of the statement duplicating something Defendant said earlier, it will be excluded during the United States's case in chief but possibly admissible to impeach the Defendant if he were to testify.

## IV. Conclusion

Therefore, for good cause, it is hereby

ORDERED that the United States' Motion in Limine, Doc. 26, is granted to the extent stated herein. It is further

ORDERED that Defendant's Motion in Limine, Doc. 30, is granted to the extent explained above. It is further

ORDERED that the United States' Second Motion in Limine, Doc. 32, is granted. It is further

ORDERED that Defendant's supplemental motion in limine, Doc. 41, is granted in part and denied in part to the extent explained on the record. It is further

ORDERED that Defendant's third motion in limine, Doc. 46, is granted.

DATED this 20th day of June, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE